UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY GALLEGOS,<br><br>           Plaintiff,<br><br>   v.<br><br>TYSON POGUE, et al.,<br><br>           Defendants. | No. 1:25-cv-00227 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING THIS MATTER BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE<br><br>PLAINTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff, a former county jail inmate[1] proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, the undersigned will recommend that this matter be dismissed for failure to prosecute given that Plaintiff has failed to keep the Court apprised of his current address. Plaintiff will have fourteen days to file objections to this order.

I.    RELEVANT FACTS

On February 20, 2025, Plaintiff's complaint and his application to proceed in forma pauperis were docketed. ECF Nos. 1, 2. The next day, Plaintiff was sent new case documents,

---

[1] The record indicates that on February 26, 2025, court mail sent to Plaintiff at Madera County Jail was returned marked "Undeliverable, Return to Sender, Not in Custody." See 2/26/26 docket entry.

1

1  and his application to proceed in forma pauperis was granted. ECF Nos. 3, 4.

2      On February 26, 2025, the new case documents that had been sent to Plaintiff were

3  returned to the Court marked "Undeliverable, Return to Sender, Not in Custody." See 2/26/25

4  docket entry. Similarly, on March 7, 2025, the Court's order that had granted Plaintiff's

5  application to proceed in forma pauperis was also returned to the Court marked, "Undeliverable,

6  RTS, Attempted Not Known, Unable to Forward, Not in Custody." See 3/7/25 docket entry.

7      In sum, since the docketing of Plaintiff's complaint back in February 2025, Plaintiff has

8  not been in contact with the Court. It appears that Plaintiff was released from the Madera County

9  Jail less than a week after his complaint was filed. Despite this fact, Plaintiff has not filed a

10  notice of change of address with the Court, nor has he requested an extension of time to do so.

11      II.   APPLICABLE LAW

12          A. Federal Rule of Civil Procedure 41(b) and Local Rules 110, 182(f) and 183(b)

13      Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails

14  to prosecute or he fails to comply with a court order. See Fed. R. Civ. P. 41(b). Local Rule 110

15  also permits the imposition of sanctions when a party fails to comply with a court order. L.R.

16  110.

17      Local Rule 182(f) permits service to be effective service at a prior address if a party fails

18  to notify the Court and other parties of his address change. Id. Finally, Local Rule 183(b) gives a

19  party who appears in propria persona a period of time to file a notice of change of address if some

20  of his mail is returned to the Court. Id.

21          B. Malone Factors

22      The Ninth Circuit has clearly identified the factors to consider when dismissing a case for

23  failure to comply with a court order. It writes:

> A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

28

1   Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v.

2   Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

III.   DISCUSSION

A.   Rule 41(b) and Local Rules 110, 182(f) and 183(f) Support Dismissal of This Case

Although the docket indicates that Plaintiff's copies of the new case documents and the order that granted his application to proceed in forma pauperis have been returned to the Court, Plaintiff was properly served. It is a plaintiff's responsibility to keep a court apprised of his current address at all times. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective. The fact that Plaintiff failed to file a notice of change of address with the Court within the thirty-day-period required by the Local Rules warrants the dismissal of this matter, in accord with Rule 41(b) and Local Rules 110 and 183(b).

B.   Application of Malone Factors Supports the Dismissal of This Case

1.   Expeditious Resolution of Litigation; Court's Need to Manage Its Docket

Plaintiff has been given more than ample time to file a notice of change of address. Despite this fact, he has failed to do so, nor has he contacted the Court to provide an exceptional reason for not having done so.

The Eastern District Court has an unusually large caseload.[2]  "[T]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of frivolous and repetitious requests." Whitaker v. Superior Court of San Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted). Thus, it follows that keeping this case on the Court's docket when Plaintiff has not attempted to file a notice of current

---

[2] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

address with the Court, is not a good use of the Court's already taxed resources. Indeed, keeping this matter on the Court's docket would stall a quicker disposition of this case. Additionally, in fairness to the many other litigants who currently have cases before the Court, no additional time should be spent on this matter.

### 2. Risk of Prejudice to Defendants

Furthermore, because viable Defendants have yet to be identified and served in this case, they have not put time and effort into defending against it. As a result, there will be no prejudice to them if the matter is dismissed. On the contrary, dismissal will benefit any potentially viable Defendants because they will not have to defend themselves against Plaintiff's complaint.

### 3. Availability of Less Drastic Sanctions; Favored Disposition of Cases on Merits

Finally, given that this case has sat on the Court's docket for four months since the new case documents were returned to the Court marked "undeliverable" and this has happened without Plaintiff filing a notice of change of address, there is no less drastic option than dismissal. Although the disposition of cases on their merits is preferred, this matter cannot be prosecuted without a current address for Plaintiff, nor can it be disposed of on its merits.

## IV. CONCLUSION

For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rules 110, 182(f) and 183(b), and having considered the Malone factors, the undersigned recommends that this matter be dismissed without prejudice for failure to prosecute. Despite the fact that it is likely that this order will also be returned to the Court marked "undeliverable," a fourteen-day period will be left open for Plaintiff to file objections to this order.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this matter.

IT IS FURTHER RECOMMENDED that this matter be DISMISSED without prejudice due to Plaintiff's failure to prosecute by failing to keep the Court informed of his current address. See Fed. R. Civ. P. 41(b); Local Rules 110, 183(b).

These findings and recommendations are submitted to the United States District Judge

assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

The Court will not consider exhibits attached to the objections. To the extent that Plaintiff wishes to refer to any exhibit, when possible, Plaintiff must reference the exhibit in the record by its CM/ECF document and page number or reference the exhibit with specificity. Any pages filed in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations. Plaintiff's failure to file objections within the specified time may result in the waiver of certain rights on appeal. See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **June 23, 2025**           /s/ Gary S. Austin
                           UNITED STATES MAGISTRATE JUDGE